**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| YVES GELIN, | DOCKET NUMBER |
| Appellant, | NY-0752-23-0038-B-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: May 27, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Yves Gelin, Yonkers, New York, pro se.

Ariya McGrew, Esquire, New York, New York, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the remand initial decision, which dismissed his appeal challenging his removal as untimely filed without good cause shown for the delay. On petition for review, the appellant reargues that his appeal was timely filed and asserts for the first time that the administrative judge was biased and should have recused herself. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider the length of the filing delay in determining whether the appellant has shown good cause for the untimely filing of his appeal, we AFFIRM the initial decision.[2]

For the reasons discussed in the initial decision, we agree with the administrative judge's finding that the appellant received the final agency decision (FAD) challenging his removal by email on September 7, 2022, and so

---

[2] Regarding the appellant's allegation that the administrative judge was biased, he argues for the first time on review that she should have recused herself from adjudicating his appeal, and, with his reply to the agency's response to the petition for review, he provides a copy of a letter that appears to reference a complaint he filed against the administrative judge with the New York State Grievance Committee. Petition for Review File, Tab 4 at 4-5. The Board has consistently held that in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 38; *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We have reviewed the record, and we conclude that the appellant has not made such a showing here.

his Board appeal of that decision, filed December 21, 2022, was untimely.[3] *Gelin v. Department of the Treasury*, NY-0752-23-0038-B-1, Remand File, Tab 18, Remand Initial Decision (RID) at 2-5; *see Williams v. U.S. Postal Service*, 115 M.S.P.R. 318, ¶ 7 (2010) (observing that an employee who files a formal complaint of discrimination with his employing agency regarding a matter that is within the Board's jurisdiction may also file an appeal with the Board, and for such an appeal to be considered timely, it must be filed within 30 days after the employee receives the FAD); 5 C.F.R. § 1201.154(b)(1). The time limit for appealing an agency action to the Board may be waived by the Board if the appellant demonstrates good cause for such waiver by preponderant evidence. *Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1581 (Fed. Cir. 1994); *see* 5 C.F.R. §§ 1201.12 (providing that an administrative judge may waive a Board regulation for good cause shown), 1201.22(c) (providing that the Board will dismiss an untimely filed appeal unless a good reason for the delay is shown).

The administrative judge correctly identified the factors set forth in *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table) for determining whether an appellant has shown good cause for his delay, including the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. RID at 2, 5. However, she

---

[3] Although the administrative judge identified the filing date of the appellant's Board appeal as January 6, 2023, the envelope containing the appellant's Board appeal was postmarked December 21, 2022, and so that is the date his appeal is deemed filed. *Gelin v. Department of the Treasury*, MSPB Docket No. NY-0752-23-0038-I-1, Initial Appeal File, Tab 1 at 28; *see* 5 C.F.R. § 1201.4(l) ("The date of filing by mail is determined by the postmark date.").

did not specifically consider the length of the filing delay, and so we modify the initial decision to consider the length of the filing delay in determining whether the appellant has shown good cause for the untimely filing of his appeal. RID at 2, 5; *see Walls*, 29 F.3d at 1582 (instructing the Board to consider the length of the delay in every good cause determination).

As previously noted, any Board appeal of the agency's September 7, 2022 FAD was due by October 7, 2022, and so the appellant's December 21, 2022 Board appeal was untimely filed by 75 days. The Board has regularly held that such a lengthy delay is significant. *See Terrell v. U.S. Postal Service*, 114 M.S.P.R. 38, ¶ 9 (2010) (finding that a 42-day delay is significant); *Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 7 (2005) (finding that a filing delay of 33 days is significant); *Summers v. U.S. Postal Service*, 87 M.S.P.R. 403, ¶¶ 6, 12 (2000) (finding that a delay of nearly 1 month and a delay of 15 days are significant), *aff'd*, 25 F. App'x 827 (Fed. Cir. 2001). Considering the significant length of the delay, along with the other relevant factors addressed in the initial decision, such as the appellant's pro se status, we agree with the administrative judge's finding that the appellant has failed to show good cause for his untimely appeal. RID at 5; *see, e.g.*, *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (finding that, although the appellant's pro se status was a factor weighing in his favor, it was insufficient to excuse his unexplained, 14-day filing delay). Accordingly, we affirm the initial decision dismissing the appeal as untimely filed without good cause shown for the delay, as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.